08-5502-cv
Sharpe v. Mental Health System of the USA

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-first day of December two thousand and nine.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GRACE RUTH REBECCA SHARPE,

> *Plaintiff-Appellant*,

v.                                                        No. 08-5502-cv

MENTAL HEALTH SYSTEM OF THE UNITED STATES OF AMERICA,

> *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**                Grace R.R. Sharpe, *pro se*, Brooklyn, NY

1

**FOR DEFENDANT-APPELLEE:**                Benton J. Campbell, United States Attorney
(Margaret M. Kolbe and James R. Cho,
Assistant United States Attorneys, *of counsel*),
Eastern District of New York, Brooklyn, NY

Appeal from a judgment of the United States District for the Eastern District of New York (John Gleeson, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Grace Ruth Rebecca Sharpe ("plaintiff" or "Sharpe"), *pro se*, appeals from the District Court's *sua sponte* dismissal of her complaint for lack of standing. We assume the parties' familiarity with the factual and procedural history of the case.

We review a district court's dismissal of a complaint for lack of standing *de novo*, accepting as true the allegations in the complaint and construing the complaint in favor of the complaining party. *See Connecticut v. Physicians Health Servs. of Conn., Inc.*, 287 F.3d 110, 114-15 (2d Cir. 2002). To invoke the jurisdiction of the federal courts and establish standing a plaintiff must "[1] allege personal injury [2] fairly traceable to the defendant's allegedly unlawful conduct and [3] likely to be redressed by the requested relief." *Fulani v. Bentsen*, 35 F.3d 49, 51-52 (2d Cir. 1994) (alterations in original) (internal quotation marks omitted). Standing cannot be "predicated on . . . generalized grievances about the conduct of government." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 482-83 (1982).

To the extent that Sharpe seeks to challenge the mental health system in the United States, the District Court correctly found that she failed to establish injury-in-fact because she did not allege any personal injury but rather stated a "generalized grievance." *See id.* at 483; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992). To the extent Sharpe alleged that "Mental Health officials" had injured her by maintaining control over her as a "client" of the "Mental Health system" or administering medication against her will, she failed to demonstrate how such injuries were "fairly traceable" to the named defendant. *See Fulani*, 35 F.3d at 51-52. Because Sharpe failed to name an actual entity as a defendant and any injury was thus necessarily "the result of the independent action of some third party not before the court," Sharpe did not have standing to pursue her claims in federal court. *See Lujan*, 504 U.S. at 560 (brackets and internal quotation marks omitted).

Moreover, although the District Court dismissed the complaint without providing Sharpe with an opportunity to amend, a procedure generally disfavored, *see McEachin v. McGuinnis*, 357 F.3d

2

197, 200 (2d Cir. 2004), remand is not warranted because amendment would have been futile in light of the allegations in the complaint. Even to the extent that the complaint could have been amended to include the correct entity or individual as a defendant, such an amendment would not cure the fact that plaintiff essentially seeks to challenge the mental health system at large. Furthermore, Sharpe did not plead sufficient factual allegations to state a plausible claim that her due process rights were violated or that the involuntary administration of medication was illegal. Instead she seeks to challenge unnamed "Mental Hygiene laws" so that she no longer must be a "client" of the mental health system or involuntarily medicated.

## CONCLUSION

We have considered all of plaintiff's arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

3